# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 82 CR 555 | **DATE** | 10/30/2000 |
| **CASE TITLE** | United States of America vs. Louis Charles Sheptin | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendant's Motion (Doc 102-1) for Order Nunc Pro Tunc which corrects Sentence is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 3 1 2000 | |
| | Notified counsel by telephone. | | date docketed | 108 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 00 OCT 30 PM 4: 02 | date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | 82 CR 555 |
| LOUIS CHARLES SHEPTIN, | ) ) ) | |
| Movant. | ) | |

DOCKETED
OCT 3 1 2000

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Defendant Louis C. Sheptin's Motion for Order Nunc Pro Tunc Which Corrects Sentence. For the reasons set forth below the motion is denied.

## BACKGROUND

On February 9, 1983, Defendant Louis C. Sheptin ("Sheptin") received a ten-year sentence after pleading guilty to mail theft, bank theft and interstate transport of forged securities. Sheptin currently continues to serve the sentence after the parole he once received was later revoked. Sheptin claims that he has not received accurate credit from the Federal Bureau of Prisons for time he spent in custody while awaiting sentencing before this Court. According to the Attorney-Advisor to the Federal Bureau of Prisons, Sheptin has not exhausted the administrative remedies provided by the

Bureau of Prisons to review prisoner grievances about the computation of sentences. (Benning Decl. ¶ 4.) Nonetheless, Sheptin asks this Court to issue an order correcting the length of his remaining sentence.

## DISCUSSION

The proper avenue to attack the computation or execution of a federal sentence is through a habeas corpus petition under 28 U.S.C. § 2241. See Waletzki v. Keohane, 13 F. 3d 1079, 1080 (7th Cir. 1994); United States v. Love, Nos. 90 C 6715, 90 CR 319, 1991 WL 34640, at *3 (N.D. Ill. Mar. 13, 1991). Habeas petitions pursuant to § 2241 must be filed in the district in which the movant is incarcerated, not in the sentencing court. See United States v. Ferguson, No. 93 C 0736, 1993 WL 313535, at *1 (N.D. Ill. Aug. 17, 1993). Additionally, as a prerequisite to filing § 2241 habeas claims, movants must first submit the claim to the administrative mechanisms provided by the Bureau of Prisons. See United States v. Brumbaugh, 909 F.2d 289, 291 (7th Cir. 1990). Only after exhausting these administrative remedies may movants resort to the federal court to seek credit toward completion of the sentence. See id.

We decline to grant Sheptin's motion because he has failed to exhaust his administrative remedies with the Bureau of Prisons. This matter is not suitable for the Court's review until Defendant exhausts all of his administrative remedies with the Bureau of Prisons. Accordingly, there is presently no "case" or "controversy" required by Article III, Section 2 of the Constitution of the United States of America.

Moreover, even if Sheptin had exhausted his administrative remedies, he has filed his § 2241 motion in an improper venue. The proper venue for his § 2241 motion would be in the Central District of Illinois as Sheptin is incarcerated in a facility in that district.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Order Nunc Pro Tunc Which Corrects Sentence is denied.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: October 30, 2000