IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 82 CR 555 |
| | ) | |
| v. | ) | Judge Charles P. Kocoras |
| | ) | Magistrate Judge Arlander Keys |
| LOUIS SHEPTIN, | ) | |
| | ) | |
| Defendant. | ) | |

TO: **THE HONORABLE CHARLES P. KOCORAS**
**UNITED STATES DISTRICT JUDGE**

### REPORT AND RECOMMENDATION

On July 12, 2007, the Probation Department in this district issued a special report regarding Louis Sheptin. According to that report, Mr. Sheptin was sentenced in 1983 to consecutive terms of 120 months in custody for stealing checks from the mail and 5 years probation for bank theft. Later, and in another case, Mr. Sheptin was convicted in federal court in Alabama of bank fraud and transportation of false securities; he was sentenced to time served, plus three years of supervised release, and jurisdiction of the latter case was transferred to this district. Mr. Sheptin's probation/supervised release period began on February 1, 2007. Yet, according to the special report, by the next month, he had already violated the conditions of his release: he failed to notify probation of his apparent change of residence and he failed to report to probation as required.

Because of this, the probation department asked the court to issue a bench warrant and requested a hearing for a rule to show cause as to why Mr. Sheptin's probation status should not be revoked.

On August 9, 2007, when Mr. Sheptin failed to appear at a scheduled status hearing, the Court issued a bench warrant for his arrest; several months later, Mr. Sheptin was arrested in Colorado and the warrant was returned on November 7, 2007. Mr. Sheptin was ordered removed to this district. Judge Kocoras, the district judge to whom the case was assigned, referred the revocation petition to this Court, and this Court scheduled the matter for hearing on January 11, 2008.

Shortly before that hearing, Judge Kocoras received a submission from Mr. Sheptin entitled "Emergency Application for Writ of habeas Corpus - Medical Urgency." Judge Kocoras added this submission to the referral. At the scheduled January 11th hearing, the Court advised Mr. Sheptin and the government that it would consider the revocation matter and the "emergency application" separately. With regard to the former, the Court set the matter for hearing on February 8, 2008. With regard to the latter, the Court ordered the government to respond and set the matter for hearing on January 28, 2008. Now, with the benefit of the government's response, and having carefully considered the matter, the Court finds that no substantive

hearing on the application is necessary; rather, the application must be dismissed.

In his "Emergency Application," Mr. Sheptin claims that, after being picked up in Colorado, he was transported to Oklahoma City, where he "developed congestive heart failure and had a heart attack." See Emergency Application, ¶2. After being treated in the local hospital over a period of days and then released with a supply of medications, Mr. Sheptin was transported to the Metropolitan Correctional Center in Chicago. He claims that, once at the MCC, the doctors failed to examine him and made drastic changes to his prescription regimen. More specifically, he argues that, with regard to certain medications, the MCC's doctors administered double the prescribed dosage and, with regard to others, they failed to administer the drugs at all. Mr. Sheptin does not specify in his "application" what relief he is seeking, though he invokes 28 U.S.C. §2241, the habeas corpus statute, and he uses the phrase "habeas corpus" in the title of his submission.

Despite the title of the document and the citation to the habeas statute, Mr. Sheptin's applicatin isn't seeking his release from prison; rather, it would seem that Mr. Sheptin wants the Court to order Dr. Harvey, the clinical director at the MCC, to follow the medication course prescribed by the doctors in Oklahoma City. In substance, this can only be characterized as a

challenge to the conditions of his confinement, *e.g. Gabby v. Meyer*, 390 F.Supp.2d 801, 803 (E.D. Wis. 2005)(complaints alleging improper medical treatment in a prison are complaints about prison conditions), and such a challenge is not properly made in a habeas petition. As case law makes clear, to challenge the conditions of his confinement, Mr. Sheptin must file a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g., Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005)(if a federal prisoner is challenging the conditions of his confinement, and not the fact of his confinement, he must use a *Bivens* theory). *See also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Indeed, as the Seventh Circuit said in *Glaus*, "[i]f an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option." *Glaus*, 408 F.3d at 387.

Moreover, although in some cases it may be appropriate for a court to simply recharacterize a prisoner's petition so that he may proceed under the appropriate theory or statute, this is not such a case. The case that is currently before the Court is a criminal matter, brought by the United States government against Mr. Sheptin. The people he seeks to enjoin - Dr. Harvey and possibly the other medical staff at the MCC - are not even

4

parties to the present suit. Thus, under the circumstances (and without even considering any impact the Prisoner Litigation Reform Act may have), conversion of Mr. Sheptin's application would be inappropriate. See *Glaus*, 408 F.3d at 388.

## Conclusion

For the reasons explained above, the Court recommends that the district judge dismiss without prejudice Mr. Sheptin's "Emergency Application for Writ of Habeas Corpus - Medical Urgency" [#131].

Date: January 28, 2008

RESPECTFULLY SUBMITTED:

*Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge

The parties have ten days from the date of service to file objections to this Report and Recommendation with the Honorable Charles P. Kocoras. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).